**In re P & L CREDIT AND COLLECTION SERVICES, INC., Debtor.**

**Bankruptcy No. 96–13060B.**

United States Bankruptcy Court,
W.D. New York.

Sept. 13, 1999.

Zdarsky, Sawicki & Agostinelli, Mark J. Schlant, Esq., of counsel, Buffalo, for Trustee.

Hiscock & Barclay, Michael E. Ferdman, Esq., of counsel, Buffalo, for Federal Deposit Insurance Corp. Receiver of Goldome.

CARL L. BUCKI, Bankruptcy Judge.

In this Chapter 7 proceeding, the case trustee has moved to disallow the claim of the Federal Deposit Insurance Corporation ("FDIC"), on the ground that it was filed subsequent to the applicable bar date. Because the creditor received no formal notice of that bar date, the trustee's objection is overruled.

The interest of the FDIC derives from its position as receiver of Goldome, FSB. As receiver, the FDIC in 1995 commenced an action against P & L Credit and Collections Services, Inc., ("P & L") to recover damages allegedly arising from a failure to remit moneys that P & L had collected on behalf of Goldome. Before any judgement was rendered, however, P & L filed a petition for relief under Chapter 7 of the Bankruptcy Code on July 11, 1996. Although the Statement of Financial Affairs indicated that the FDIC had commenced a pre-petition action against the debtor, both the various schedules and the mailing matrix failed to list either the FDIC or Goldome as creditors. Thus, until such time as the FDIC filed its own proof of claim, it was excluded from the list of parties to whom the clerk of this court would send notices in connection with this case.

On July 24, 1996, the bankruptcy clerk mailed a notice of the first meeting of creditors to all of the parties listed on the debtor's mailing matrix. As allowed by Bankruptcy Rule 2002(e), this notice further advised that "there appear to be no assets available from which payment may be made to unsecured creditors," and that accordingly, creditors were not to file proofs of claim "unless you receive a court notice to do so." Although the FDIC would not have received the clerk's notice, it somehow learned about the bankruptcy filing, and appeared through counsel at the first meeting of creditors on August 15, 1996.

Sometime during his administration of this case, the trustee determined that sufficient assets would likely be available to effect a distribution to unsecured creditors. For this reason, on February 6, 1997, the bankruptcy clerk mailed a document entitled "Notice of Need to File Proof of Claim Due to Recovery of Assets." Specifically, this notice advised that "creditors who wish to share in any distribution of funds must file a proof of claim with the Clerk of the Bankruptcy Court ... on or before May 12, 1997." Not receiving this notice, the FDIC filed its proof of claim on May 30, 1997.

Section 726 of the Bankruptcy Code establishes the scheme for distribution of property of a Chapter 7 estate. Pursuant to subdivision (a)(2) of this section, after payment of priority claims, the trustee is to distribute assets to a class that consists primarily of allowed unsecured claims that have been timely filed. Also included in this class, however, are claims that a creditor has tardily filed, if "(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and (ii) proof of such claim is filed in time to permit payment of such claim." 11 U.S.C. § 726(a)(2)(C). The case trustee contends

that the FDIC is unable to satisfy the first of these conditions. Having appeared through counsel at the initial meeting of creditors, the FDIC possessed actual knowledge of the bankruptcy prior even to the setting of a deadline for the filing of proofs of claim. The trustee argues, therefore, that contrary to the statutory exception, the creditor possessed "actual knowledge of the case in time for timely filing of a proof of such claim."

The error in the trustee's argument lies in his presumption that the FDIC was tardy in the filing of its proof of claim. Section 501(a) of the Bankruptcy Code provides merely that a creditor "may file a proof of claim." The timeliness of such filing is a question reserved for the bankruptcy rules. In this instance, the applicable provision is Rule 3002(c), which provides:

> In a chapter 7 liquidation . . . a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows: . . . (5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

Because the bankruptcy clerk had initially sent notice of insufficient assets, the creditors of P & L were not obliged to file claims until after the clerk had sent notice that a dividend appeared possible. As to the FDIC, however, the bankruptcy clerk has never sent such a notice. With no notice having been sent to the FDIC, there exists no starting point for any 90 day period during which that creditor was obliged to file its proof of claim. Thus, Rule 3002(c) imposes no applicable deadline for the FDIC's filing of a proof of claim.

As set forth in 11 U.S.C. § 726(a)(2)(C)(i), the condition for allow-

ance of a tardily filed claim has application to instances in which Bankruptcy Rule 3002(c) sets the bar date automatically for the ninetieth day after the first meeting of creditors. When an exception to this rule establishes a different deadline, however, a threshold consideration is whether the creditor has filed its claim within the substituted timetable. In the present instance, subdivision (5) of Rule 3002(c) requires only that a creditor file the proof of claim within ninety days after the mailing to that creditor of the notice of possible dividend. Because the clerk sent no notice to the FDIC, its proof of claim has been timely filed. Without prejudice to the assertion of any other basis for disallowance of the claim, the trustee's present objection is overruled.

So ordered.